Emerson v. Clark.

Breese presiding. The cause was brought to this Court by writ of error.

JOSIAH FISK, for the plaintiffs in error, cited R. L. 392, §§ 20, 395, §§ 30, 34 ; Gale's Stat. 407, 409, 410.

---

JOSEPH EMERSON, appellant, *v.* GEORGE W. CLARK, appellee.

*Appeal from Scott.*

An appeal from the Circuit to the Supreme Court, where the judgment is final, and amounts to $20, exclusive of costs, or relates to a franchise or freehold, is a matter of right; and no conditions, except those prescribed in the statute, can be annexed to an order granting an appeal.

It is not competent for a Court to direct that two papers, mentioned in a bill of exceptions, shall be included in the bill, upon being verified, by the affidavit of the defendant or his counsel, to be the same papers which were offered in evidence on the trial of the cause. A bill of exceptions under such circumstances is a nullity. The settling of a bill of exceptions is a judicial act.

| | |
|---|---|
| 3 | 489 |
| 121 | 327 |
| 3 | 489 |
| 31a | 652 |
| 3 | 489 |
| 33a | 455 |
| 3 | 489 |
| 44a | 459 |
| 44a | 516 |
| 3 | 489 |
| 51a | 426 |
| 3 | 489 |
| 64a | 597 |
| 3 | 489 |
| 170 | 435 |
| 3 | 489 |
| 188 | ² 63 |

THIS cause was tried in the Court below before the Hon. Samuel H. Treat and a jury, at the October term, 1839. Verdict and judgment were rendered for the plaintiff for $62,50. The defendant appealed to this Court.

JOSIAH LAMBORN, for the appellant.

WILLIAM BROWN, for the appellee.

BROWNE, Justice, delivered the opinion of the Court:

This was an action of *trover* brought in the Circuit Court of Scott county, by George W. Clark against Joseph Emerson, to recover damages for the conversion of a certain quantity of wheat. Upon the issue the verdict and judgment was for the plaintiff in the Court below. The principal error complained of is the manner in which the bill of exceptions was made out.

It appears from the order of the Court, that certain papers mentioned in the bill of exceptions to be copied therein, were not present in court, or on file.

The following order was made by the Court below. "It is therefore ordered, that unless the defendant shall, within twenty days from this date, file with the clerk of this Court said two papers, verified by affidavit of the defendant, or his counsel, to be the same two papers offered in evidence, and mentioned in the bill of exceptions, herein to be copied, the appeal ordered in this cause shall not be considered as granted, but said order granting said appeal shall become and be void."

"Appeals from the Circuit Courts to the Supreme Court shall be allowed in all cases, where the judgment or decree appealed from be final, and shall amount, exclusive of costs, to the sum of twenty dollars," &c; "provided, such appeal be prayed for at the time of rendering the judgment or decree, and provided the party praying for such appeal shall, by himself, or agent, or attorney, give bond with sufficient security to be approved by the Circuit Court, and filed in the clerk's office of the Circuit Court, within the time limited by the Court." (1) The defendant below has complied with every requisition of the statute. The appeal, then, is complete. Nothing more, then, could be required of him. The appeal is absolute.

The law of Illinois in relation to bills of exceptions, is clothed in the following language; "If during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the Court, and reduce the same to writing, it shall be the duty of the judge to allow the said exception, and to sign and seal the same, and the said exception shall thereupon become part of the record of such cause." (2) The bill of exceptions, as ordered to be made out by the Court, was a nullity.

It was the duty of the Court to sign the bill of exceptions, if it was correct. If it did not truly state the case, the judge should refuse to sign it. It was not in the power of the Court to delegate its authority. It is a judicial act. It then stands in this Court,

(1) R. L. 494 ; Gale's Stat. 535.　　　(2) R. L. 491 ; Gale's Stat. 533.

as if no exceptions had been taken to the opinion or instructions of the Court below.

Let the judgment of the Circuit Court of Scott county be affirmed, with costs.

*Judgment affirmed.*